**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| David Derringer,<br><br>    Plaintiff,<br><br>vs.<br><br>Robert Sewell, as an individual; Don Termain; Janet Termain; Donna Traphagan; Springerville Police; City of Springerville-Arizona; Mike Nuttall, as an individual; Kay Dyson, as an individual; Steve West, as an individual; John Does,<br><br>    Defendants. | No. CV-08-8156-PHX-DGC<br><br>**ORDER** |

Plaintiff has filed, in his words, a "request for immediate order to stop the inhumane treatment of a United States citizen to order his personal property returned for sustaining life itself." Dkt. #11. Plaintiff has also filed a motion for default judgement against Defendant Donna Traphagan. Dkt. #36. Defendants have filed motions to dismiss. Dkt. ## 12, 18, 19. Defendants Sewell and Termain have filed a motion for sanctions. Dkt. ## 38, 41. All motions are fully briefed. The Court will deny Plaintiff's motions, grant the motions to dismiss, and grant the motion for sanctions.

**I.     Background.**

This case arises out of Plaintiff's failure to pay rent on several storage units he rented from Termain Storage. On October 9, 2007, Plaintiff filed a complaint against Termain

1    Storage LLC and Janet Termain in the Round Valley Justice Court, County of Apache,
2    seeking $10,000 in damages and an injunction that all of his property be returned. Dkt. #18-
3    2. Janet Termain and Termain Storage counterclaimed for unpaid rent and damage to two
4    storage units. Dkt #18-3.  The Justice Court ruled against Plaintiff and awarded Termain
5    Storage $2,841.12 for breach of contract, $9,000.39 for reasonable attorneys' fees and
6    sanctions for abuse of process, and $44.00 for taxable costs. Dkt. #18-5.

7    One month after filing the lawsuit in justice court, Plaintiff filed a separate lawsuit
8    based on the same facts in this Court.  07-CV-8114-EHC.  The lawsuit was dismissed *sua*
9    *sponte* when the Judge Carroll found it to be frivolous.  07-CV-8114, Dkt. #6.

10   Plaintiff appealed the justice court judgment to superior court. Dkt. #18-8.  With the
11   appeal pending, Plaintiff filed with the justice court, in his words, a "second request for
12   decision of prior Plaintiff's motion for order mandated under ARS 33-1704(C) for the
13   complete release of all personal property of Plaintiff with no exclusions and without any
14   missing items as a matter of law; notice to this court of criminal acts by Defendants; and
15   motion for order/directive to law enforcement and request for relief."  Dkt. #18-9.  The
16   justice court denied the motion, noting that it already had addressed motions for relief from
17   its previous judgment. Dkt. #18-10.

18   While the appeal of the justice court judgment was pending, Plaintiff filed a lawsuit
19   in Apache County Superior Court against Termain, two of Termain's employees, and
20   Termain's attorney in the justice court suit.  Dkt. #18-11.  The superior court found that
21   Plaintiff's claims were barred by *res judicata* because they had already been decided by the
22   justice court.  *Id.* ¶ 24.  Before judgment was entered in the superior court case, Plaintiff filed
23   this action, his second lawsuit in federal court.  Dkt. #1.  In addition to suing Termain, her
24   employees, and her attorney, Plaintiff now sues the Springerville Police Department for
25   refusing to force Termain to return his property.  He also sues individuals from the Town of
26   Springerville and the town's former mayor. *Id.*

27
28

## II. Legal Standard.

When analyzing a complaint for failure to state a claim under Rule 12(b)(6), "[a]ll allegations of material fact are taken as true and construed in the light most favorable to the non-moving party." *Smith v. Jackson*, 84 F.3d 1213, 1217 (9th Cir. 1996). "To avoid a Rule 12(b)(6) dismissal, a complaint need not contain detailed factual allegations; rather, it must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007)). The court may not assume that the plaintiff can prove facts different from those alleged in the complaint. *See Associated Gen. Contractors of Cal. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983); *Jack Russell Terrier Network of N. Cal. v. Am. Kennel Club, Inc.*, 407 F.3d 1027, 1035 (9th Cir. 2005). Similarly, legal conclusions couched as factual allegations are not given a presumption of truthfulness and "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. F.D.I.C.*, 139 F.3d 696, 699 (9th Cir. 1998).

## III. Plaintiff's motion.

Plaintiff has filed a request for an immediate order in his favor. Dkt. #11. The motion essentially seeks judgment on the claims asserted in his complaint. Because the Court will dismiss all claims in this lawsuit, the motion is denied.

## IV. Motions to dismiss.

### A. *Rooker-Feldman* doctrine.

Defendant Sewell asserts that the Court lacks subject matter jurisdiction because the *Rooker-Feldman* doctrine precludes a party losing in state court from seeking what essentially would be appellate review in federal court. Dkt. #18 at 7. Defendant argues that the issues presented in this case are inextricably intertwined with the state court judgment. *Id.* at 8. The *Rooker-Feldman* doctrine does not bar jurisdiction in this case, however, because Plaintiff is not complaining of legal injury caused by a state court judgment, but rather of injury caused by Defendants. *Noel v. Hall*, 341 F.3d 1148, 1163-64 (9th Cir. 2003).

### B.   *Res judicata* and collateral estoppel.

State law governs the application of *res judicata* and collateral estoppel to a state court judgment. *Ayers v. City of Richmond*, 895 F.2d 1267, 1270 (9th Cir. 1990)*; Marrese v. Am. Acad. of Orthopaedic Surgeons*, 470 U.S. 373, 380 (1985). In Arizona, *res judicata* will preclude a claim when a former judgment on the merits was rendered by a court of competent jurisdiction and the matter now in issue between the same parties was, or could have been, determined in the former action. *Hall v. Lalli*, 977 P.2d 776, 779 (Ariz. 1999); *accord Blonder-Tongue Labs. v. Univ. of Ill. Found.*, 402 U.S. 313, 323-24 (1971); *Heinig v. Hudman*, 865 P.2d 110, 115 (Ariz. Ct. App. 1994); *accord Clark v. Bear Stearns & Co., Inc.*, 966 F.2d 1318, 1320 (9th Cir. 1992) (stating that "*res judicata* bars all grounds for recovery which could have been asserted, whether they were or not, in a prior suit between the same parties on the same cause of action").

Plaintiff's claims of replevin and "prima facie tort," which this Court construes as claims for conversion or theft of Plaintiff's property stored with Termain Storage, are barred by *res judicata*. As recognized by the Apache County Superior Court, Plaintiff brought identical claims against Janet Termain and Termain storage in the justice court and lost. Dkt. #18-11¶ 2. When Plaintiff brought the same claims in the superior court against Janet Termain, Don Termain, Donna Traphagan, and Robert Sewell, the superior court found that the claims had already been litigated and a judgment rendered on the merits. *Id. ¶¶* 26-28. Likewise, the replevin and tort claims brought in this Court against the very same parties sued in superior court have already been litigated in the justice court. *Res judicata* bars these claims.

Collateral estoppel, sometimes called issue preclusion, binds a party to a decision on an issue litigated in a previous lawsuit if (1) the issue was actually litigated in the prior proceeding, (2) the party against whom the doctrine is to be invoked had a full and fair opportunity and motive to litigate the issue, (3) a valid and final judgement was entered on the merits, (4) resolution of the issue was essential to the decision, and (5) there is common

1  identity of the parties. *See Campbell v. SZL Properties, Ltd.*, 62 P.3d 966, 968 (Ariz. Ct.
2  App. 2003); *Circle K Corp. v. Indus. Comm'n of Ariz.*, 880 P.2d 642, 645 (Ariz. Ct. App.
3  1993). To prevail on his federal claims in this action, Plaintiff must show some deprivation
4  of a right or some wrongful conduct taken against him. *See* 42 U.S.C. §§ 1981, 1982, 1983,
5  1985, 1986. The issue of Plaintiff's allegedly wrongful loss of property was actually litigated
6  in justice court, Plaintiff had a full and fair opportunity to litigate it, a valid judgment was
7  entered against Plaintiff on the issue, the judgment was essential to the justice court's
8  disposition of Plaintiff's case, and the doctrine of collateral estoppel is now to be applied
9  against Plaintiff himself. Dkt. ## 18-4 at 4, 18-5, 18-11. As all elements of collateral
10 estoppel are satisfied, Plaintiff may not again litigate the issue of whether Termain Storage
11 lawfully kept his property. All of Plaintiff's federal law claims – which are premised on the
12 wrongful deprivation of his property – therefore fail.

13 Plaintiff's claim for invasion of privacy also fails because any invasion by Termain
14 Storage was determined to be lawful by the justice court. Plaintiff's claims for emotional
15 distress and mental anguish fail because the justice court decided that Plaintiff was not
16 subjected to wrongful treatment.

17 **V.     Vexatious litigant.**

18 The Town of Springerville and Defendants Nuttal, West, and Dyson filed a motion
19 to strike Plaintiff's motion for an immediate order (Dkt. #11) and to enjoin Plaintiff from
20 filing any motions in this matter without first obtaining leave from court. Defendants'
21 motion to strike is moot in light of the decision in this order. The Court will, however, enjoin
22 Plaintiff as a vexatious litigant.

23 "Flagrant abuse of the judicial process cannot be tolerated because it enables one
24 person to preempt the use of judicial time that properly could be used to consider the
25 meritorious claims of other litigants." *De Long v. Hennessey*, 912 F.2d 1144, 1148 (9th Cir.
26 1990). Plaintiff's claims relating to the property held by Termain Storage have been denied
27 repeatedly. Plaintiff has filed at least four separate lawsuits arising from the same facts.

28

Plaintiff's claims are not only numerous, they are "patently without merit." *See Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1059 (9th Cir. 2007) (citation omitted). Plaintiff has forced the courts and parties to expend limited resources relitigating claims that have already been decided against him. The Court will enjoin Plaintiff from filing in this Court, absent prior permission from this Court, any suit concerning the property held by Termain Storage. *See* 28 U.S.C. § 1651.

### VI.  Plaintiff's motion for default judgment.

Plaintiff has filed a motion for default judgment against Defendant Donna Traphagan, a former employee of Janet Termain. Dkt. #36. Because the Court is granting Defendants' motion to dismiss on the basis of *res judicata*, this motion is denied as moot.

### VII.  Defendants' motion for sanctions.

Defendants Sewell and Termain have filed a motion for sanctions against Plaintiff pursuant to Federal Rule of Civil Procedure 11. Dkt. #38. Defendants argue that they are entitled to reasonable costs and attorneys' fees incurred in the defense against this groundless and frivolous claim. *Id.* at 3. The Court agrees.

"The central purpose of Rule 11 is to deter baseless filings." *Newton v. Thomason*, 22 F.3d 1455, 1463 (9th Cir. 1994). Rule 11 justifies sanctions "when a filing is frivolous, legally unreasonable, or without factual foundation, or is brought for an improper purpose." *Estate of Blue v. County of L.A.*, 120 F.3d 982, 985 (9th Cir. 1997). A "frivolous" filing is one that is "both baseless and made without a reasonable and competent inquiry." *Townsend v. Holman Consulting Corp.*, 929 F.2d 1358, 1362 (9th Cir. 1990).

The Court recognizes that Plaintiff is proceeding without counsel. The Court may not, however, decline sanctions solely because a party is *pro se*. *See Warren v. Guelker*, 29 F.3d 1386, 1390 (9th Cir. 1994). Plaintiff has been informed by several courts that his claims about the storage dispute were resolved in justice court and that additional lawsuits lack merit. Plaintiff was well aware of this fact before he filed this lawsuit. Plaintiff nonetheless proceeded with his baseless claim, expanding his list of targets and causing Defendants to

incur needless litigation costs. The Court therefore will grant the motion for sanctions and require that Plaintiff pay the reasonable attorneys' fees of Defendants Sewell and Termain.[1]

**IT IS ORDERED:**

1. Plaintiff's motion (Dkt. #11) is **denied**.
2. Plaintiff's motion for default judgment (Dkt. #36) is **denied**.
3. Defendants' motions to dismiss (Dkt. ## 12, 18, 19) are **granted**.
4. Defendants' motion to strike and preclude (Dkt. #13) is **denied** in part and **granted** in part as set forth in this order.
5. Defendants' motions for sanctions (Dkt. ## 38, 41) are **granted**.
6. Defendants' Sewell and Termain shall file a memorandum outlining their reasonable attorneys' fees and costs by **June 12, 2009**. Plaintiff may file a response by **June 26, 2009**. No reply is necessary. The Court will award appropriate sanctions after reviewing Defendants' memorandum and Plaintiff's response.

DATED this 2nd day of June, 2009.

David G. Campbell
United States District Judge

---

[1] A party seeking sanctions must satisfy Rule 11's safe harbor provision. Fed. R. Civ. P. 11(c)(2). Defendants Sewell and Janet and Don Termain notified Plaintiff by letter on March 9, 2009 that they would seek sanctions from the Court if Plaintiff did not file a motion to withdraw the complaint. Dkt. #38 at 10. Defendants also sent a second, more detailed letter on April 2, 2009, again urging Plaintiff to withdraw his complaint or Defendants would seek sanctions. *Id.* at 12-13. Defendants filed their motion for sanctions on May 6, 2009, well after the 21-day period required by Rule 11. Defendants complied with the safe harbor provision.