**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| David Derringer, | No. CV-08-8156-PHX-DGC |
| Plaintiff, | **ORDER** |
| vs. | |
| Robert Sewell, et al., | |
| Defendant. | |

Pending before the Court is "Plaintiff's timely motion for reconsideration/relief from order of June 2, 2009 under FRCP rules 59 and 60 notice of court's actions without jurisdiction or judicial capacity and in violation of oath." Dkt. #47. The motion consists of eighteen rambling pages about the Court's error in all matters and how Plaintiff was denied justice. *Id.* Plaintiff asserts that the undersigned judge violated the oath of office by issuing the June 2, 2009 order. *Id.*

Motions for reconsideration are disfavored and should be granted only in rare circumstances. *See Ross v. Arpaio*, No. CV 05-4177-PHX-MHM (ECV), 2008 WL 1776502, at *2 (D. Ariz. April 15, 2008) (citing *Defenders of Wildlife v. Browner*, 909 F. Supp. 1342, 1351 (D. Ariz. 1995)). Mere disagreement with an order is an insufficient basis for reconsideration. *See id.* (citing *Leong v. Hilton Hotels Corp.*, 689 F. Supp. 1572, 1573 (D. Haw. 1988)). Nor should reconsideration be used to make new arguments or to ask the Court to rethink its analysis. *See id.* (citing *United States v. Rezzonico*, 32 F. Supp. 2d 1112, 1116

(D. Ariz. 1998)); *see also N.W. Acceptance Corp. v. Lynnwood Equip., Inc.*, 841 F.2d 918, 925-26 (9th Cir. 1988).

Courts in this district have identified four circumstances where a motion for reconsideration will be granted: (1) the moving party has discovered material differences in fact or law from those presented to the Court at the time of its initial decision, and the party could not previously have known of the factual or legal differences through the exercise of reasonable diligence, (2) material factual events have occurred since the Court's initial decision, (3) there has been a material change in the law since the Court's initial decision, or (4) the moving party makes a convincing showing that the Court failed to consider material facts that were presented to the Court at the time of its initial decision. *See, e.g.*, *Motorola, Inc. v. J.B. Rodgers Mech. Contractors, Inc.*, 215 F.R.D. 581, 586 (D. Ariz. 2003). Plaintiff's largely incomprehensible motion fails to satisfy any of these requirements.

In the June 2, 2009 order, the Court designated Plaintiff a vexatious litigant and sanctioned him by requiring the payment of reasonable attorneys' fees. Dkt. #45. The Court asked Defendants to submit a memorandum of fees. *Id.* In the meantime, Plaintiff appealed to the Ninth Circuit. Dkt. ## 53, 54. In the interest of judicial economy, the Court will not rule on Defendants' request for fees until after the Ninth Circuit has ruled. The Court will deny Defendants' request for fees without prejudice. Defendants may refile their memorandum within 30 days after the appeal is final. *See* Fed.R.Civ.P. 54(d), Advisory Committee's Note (1993 amendments) ("If an appeal on the merits of the case is taken, the [district] court may rule on the claim for fees, may defer its ruling on the motion, or may deny the motion without prejudice, directing under subdivision (d)(2)(B) a new period for filing after the appeal has been resolved."); *see also Tancredi v. Metropolitan Life Ins. Co.*, 378 F.3d 220, 225-26 (2d Cir. 2004).

**IT IS ORDERED:**

1. Plaintiff's motion for reconsideration (Dkt. #47) is **denied**.

2. Defendants' request for attorneys' fees is denied without prejudice. Defendants may refile their memorandum within 30 days after the appeal before the Ninth Circuit is final.

DATED this 7th day of August, 2009.

_____
David G. Campbell
United States District Judge